UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PHILLIP McGEE, SR., | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § § § § | 2:16-cv-02082-JHE |
| ELI LILLY AND COMPANY, and BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. | | |
| Defendants. | | |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on Monday, May 15, 2017, and again on Thursday, May 25, 2017. The Parties participating were Richard Wright and Kristian Rasmussen for Plaintiff in the first meeting and Richard Wright and Rolf Fiebiger in the second meeting, and Heidi Levine for Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI" or "Defendant") (with Plaintiff, the "Parties").

1. The Parties exchanged information required by Fed. R. Civ. P. 26(a)(1).

2. *Nature and Basis of Claims and Defenses*.

   a. **Statement of Plaintiff's Claims.** This is a personal injury action concerning a specific diabetes medication, Jardiance. Jardiance is a sodium glucose co-transporter-2 ("SGLT-2") inhibitor. SGLT-2 inhibitors have a unique mechanism of action. Rather than reduce blood glucose levels, SGLT-2 inhibitors are designed to treat diabetic patients by inhibiting the body's reabsorption of glucose as it is

1

secreted by the patient. The design of Jardiance can result in the development of dangerous conditions including diabetic ketoacidosis. Plaintiff, Phillip McGee, Sr., alleges he was prescribed and ingested Jardiance. As a direct and proximate result of taking Jardiance, McGee suffered diabetic ketoacidosis with hospitalization. It is also alleged that Defendants knew, or should have known, of the dangerous potential side effects associated with Jardiance and failed to disclose or warn of these dangerous side effects. Defendants' knowledge, and design, of Jardiance with its unique mechanism of action, the dangers to patients ingesting Jardiance, and Plaintiff's injury give rise to the causes of action in Plaintiff's Complaint.

      b.    **Statement of Defendant BIPI's Defenses.** Plaintiff cannot carry his burden of proving failure to warn or any other product defect regarding Jardiance, an FDA-approved prescription drug that treats patients with type II diabetes. At all relevant times, the FDA-approved Jardiance label adequately warned physicians of potentially relevant safety issues based on available data at that time, and is safe and effective for use in the appropriate patient population when used according to the label. Defendant BIPI anticipates asserting additional defenses, including, but not limited to, failure to establish Defendant's alleged conduct as the proximate cause of Plaintiff's alleged injuries, the application of the learned intermediary doctrine, and preemption, and reserves the right to assert any and all such defenses.

3. *Proposed Discovery Plan*. The Parties jointly propose to the Court the following discovery plan. The dates in the proposed discovery plan reflect the Parties' attempt to informally coordinate this civil action with other pending lawsuits involving Jardiance, to the extent

practical, some of which were filed by the same Plaintiff's counsel in this action. The Parties' discovery plan proposed herein is intended to be efficient in this case, while, at the same time, aligning with the discovery dates proposed in another pending Jardiance case and not getting too far ahead of other pending Jardiance cases in which motions to dismiss still are, or will shortly be, pending and which the Parties jointly wish to informally coordinate for discovery purposes.

- a. Discovery will be needed on the following subjects:
    - Liability, including, but not limited to:
        - Adequacy of the Warnings;
        - Preemption; and
        - The Learned Intermediary Doctrine
    - Causation
    - Damages
- b. The Parties request that the deadline for the completion of all fact discovery be set as **February 23, 2018.**
- c. Plaintiff shall make his expert witness disclosures to Defendant BIPI and serve the expert witness reports on Defendant on or before **March 23, 2018.**
- d. Defendant BIPI shall make its expert witness disclosures to Plaintiff and serve the expert witness reports on Plaintiff on or before **May 18, 2018.**
- e. Plaintiff shall make any rebuttal expert witness disclosures to Defendant BIPI and serve the rebuttal expert witness reports on Defendant on or before **June 15, 2018.**
- f. All expert discovery shall be completed by **July 27, 2018.** The Parties are in general agreement that all of Plaintiff's expert witnesses should be deposed before

3

all of Defendant's expert witnesses and will take reasonable steps to accomplish such a schedule. However, to the extent such scheduling becomes difficult due to the availability of the expert witnesses, the Parties will seek to ensure that Plaintiff's expert witness(es) are deposed before Defendant's expert witness(es) within the same discipline. Should any expert witnesses purport to provide opinions outside of their discipline, the Parties will meet and confer in an effort to arrange an appropriate and reasonable deposition schedule based on the above agreement (the Parties reserve their rights to challenge such opinions). If the Parties are not able to reach an agreement regarding the schedule for any of these depositions, the Parties will seek prompt resolution by the Court.

g. *Sequencing Discovery.* The Parties are amicably and productively discussing a phased approach to discovery that will allow the Parties to assess the relative strengths and weaknesses of their claims and defenses. This includes agreeing upfront to the scope and content of materials that Plaintiff and Defendant BIPI each will produce initially and voluntarily as part of a sequenced fact discovery plan to effectuate proportionality requirements pursuant to Federal Rule of Civil Procedure 26. Once the Parties have an opportunity to review the documents and information produced voluntarily in the first phase, the Parties anticipate that they will be able to negotiate the potential for additional document productions, as appropriate.

h. *Disclosure or Discovery of Electronically Stored Information.* The Parties anticipate exchanging sensitive, confidential information in this litigation and will negotiate a proposal for a protective order governing the exchange of such confidential information which may include, but is not limited to, technical and

competitively-sensitive information protected by law, and information protected by federal and state privacy rights, including private consumer information, personal financial information, and materials that are deemed confidential under Health Insurance Portability and Accountability Act ("HIPAA") statutes and/or regulations, in addition to the potential for the need to comply with European Union ("EU") and German data privacy rights. The Parties will be prepared to file an Electronically Stored Information ("ESI") Protocol and a proposed Protective Order with the Court within ninety (90) days of the Court's entry of the discovery schedule proposed herein. If the Parties cannot reach agreement on the content and/or language of an ESI Protocol and/or a proposed Protective Order, the Parties will be prepared to submit, by motion to the Court, separate proposals for an ESI protocol and/or Protective Order, within ninety (90) days of the Court's entry of the discovery schedule proposed herein, to be ruled upon and decided by the Court.

i. *Rule 502 Order.* The Parties will meet and confer regarding this issue and submit an appropriate Federal Rule of Evidence 502 order within ninety (90) days of the Court's entry of the discovery schedule proposed herein.

j. *Discovery Limits.* The Parties adopt the discovery limits set forth in the Federal Rules of Civil Procedure.

k. *Other Items.*

   i. Plaintiff will be allowed until **June 16, 2017** to amend the pleadings and/or join additional parties.

   ii. Motions for summary judgment and motions to exclude the opinions of expert witnesses under Fed. R. Evid. 702/*Daubert* shall be filed no later than

**September 18, 2018.** Oppositions to motions for summary judgment and motions to exclude the opinions of expert witnesses under Fed. R. Evid. 702/*Daubert* shall be filed no later than **October 16, 2018.** Replies to oppositions to motions for summary judgment and motions to exclude the opinions of expert witnesses under Fed. R. Evid. 702/*Daubert* shall be filed no later than **October 30, 2018.**

iii. By **November 9, 2018**, the Parties will file witness lists with a brief summary of the testimony of each witness, including designations of those witnesses whose testimony is expected to be presented by deposition; lists of exhibits intended to be used at trial; a pretrial memorandum containing a succinct statement of the facts of the case, the questions of fact, the questions of law, and expected evidentiary objections; all motions *in limine*; and agreed proposed jury instructions; if any jury instruction cannot be agreed to, counsel for the Parties shall file their proposed instruction with supporting authority.

iv. This matter will be ready for a final pretrial conference by **November 16, 2018** or a date most convenient for the Court thereafter. On the date of the pretrial conference, the Parties will be prepared to file any objections to the use of depositions or to the admissibility of exhibits.

v. The trial will be by jury. Counsel for the Parties have conferred, and the present best estimate of the length of trial is eight (8) business days.

Dated: May 30, 2017

        AGREED TO BY:

        s/Richard A. Wright (with approval)
        B. Kristian Rasmussen
        krasmussen@corywatson.com
        Richard A. Wright
        rwright@corywatson.com
        Cory Watson, P.C.
        2131 Magnolia Avenue, Ste. 200
        Birmingham, AL 35205
        Telephone: (205) 328-2200
        Facsimile: (205) 324-7896

        Timothy J. Becker
        tbecker@johnsonbecker.com
        Rolf T. Fiebiger, *pro hac vice*
        rfiebiger@johnsonbecker.com
        Johnson Becker, PLLC
        33 South Sixth Street, Suit 4530
        Minneapolis, MN 55402
        Telephone: (612) 436-1800
        Facsimile: (612) 436-1801

        ***Attorneys for Plaintiff Phillip McGee, Sr.***

        s/F.M. Haston, III
        F.M. Haston, III
        thaston@bradley.com
        Ellen S. Presley
        epresley@bradley.com
        BRADLEY ARANT BOULT CUMMINGS LLP
        One Federal Place
        1819 Fifth Avenue North
        Birmingham, AL 35203
        Telephone: (205) 521-8000
        Facsimile: (205) 488-6000

        Heidi Levine, *pro hac vice*
        hlevine@sidley.com
        SIDLEY AUSTIN LLP
        787 7th Avenue
        New York, NY 10019
        Telephone: (212) 839-5300
        Facsimile: (212) 839-5599

        Elizabeth Curtin, *pro hac vice*
        ecurtin@sidley.com
        SIDLEY AUSTIN LLP
        One South Dearborn Street
        Chicago, Illinois 60603
        Telephone: (312) 853-7000
        Facsimile: (312) 853-7036

        ***Attorneys for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.***